### JENKINS vs. TYLER.

An order of seizure and sale cannot be executed after the death of the debtor, altho' it may have been obtained during his life.
But the creditor is entitled to his costs up to the time of the debtor's decease.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court: The proceedings in this case commenced by an application for an order of seizure and sale on a public act importing confession of judgment. The judge issued his order on the 5th of July of the present year, it was served on the defendant the 6th, and on the 10th the mortgaged property was seized, and advertised for sale.

Upon the 12th of the same month, it being suggested to the parish court, that the defendant had died on the 7th instant, the day after a copy of the order of the judge, directing a sale of the mortgaged property, had been

served, a rule was taken by the plaintiff to shew cause why the seizure should not be set aside. On hearing the parties the rule was made absolute, and the plaintiff appealed.

The parish court, it appears to us, did not err, in the decision which it pronounced on the right of the plaintiff to proceed with his execution after the decease of the defendant, or in the reasons on which that decision purports to have been founded. The court of probates is the proper and legal tribunal for the settlement of all demands against successions, and its jurisdiction is not in the least affected by the measures which the creditor may have taken previous to the death of his debtor, to enforce payment in another court. The title of the defendant to the property levied on was not divested by the seizure, and the law has provided that all the property of which any person dies possessed in this state, shall, if the heirs are not of age, and the estate is administered by curators, tutors or executors, be sold under the authority of the probate court, in case such a step be necessary for the payment of the debts of the succession. To permit the creditor to sell it by the authority of any other tribunal, would be in direct violation of this

East'n. District.
*Dec.* 1824.

JENKINS
*vs.*
TYLER.

provision; and it would be defeating the entire policy of a law on this subject which is to secure a legal distribution of the estate after an examination of all claims existing against it.

It has been complained that there is error in the judgment directing the plaintiff to pay costs. Had the decree extended to all the costs, it would have certainly been erroneous, for as the proceedings was legally instituted before the parish court at the time the order of seizure and sale was applied for, the petitioner should not be the sufferer by an event over which he had no controul, occurring subsequent thereto. But we understand the judgment to go no further than to make the plaintiff responsible for the costs incurred by levying the execution, after the debtors death; and in this there is certainly no error. The words of the decree are, "That the execution be set aside with costs." This, in our opinion, does not include the costs which arose previous to the levying, but those which were incurred by the seizure. All the anterior proceedings were left in full force, and the expenses attending them will be settled by the court of probates when the plaintiff presents his claim there.

It is therefore ordered, adjudged and de-

creed that the judgment of the parish court be affirmed, with costs, and it is further ordered that this case be remanded before that tribunal to be proceeded in according to law.

*Hennen* for the plaintiff, *Nixon* for the defendant.